# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7671 PA (PJWx) | Date | October 29, 2013 |
|---|---|---|---|
| Title | Aspen Specialty Insurance Co. v. U-Line Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Repoerted | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant U-Line Corporation ("Defendant") on October 17, 2013.  Defendant asserts that this Court has jurisdiction over this action, brought by plaintiff Aspen Specialty Insurance Co. ("Plaintiff"), based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business."  Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)).

In the Notice of Removal, Defendant states that it "is informed and believes, and upon that basis alleges, that Plaintiff is a North Dakota corporation, with its principal place of business in the state of North Dakota."  (Notice of Removal ¶ 3.)  However, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); see also Bradford v.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7671 PA (PJWx) | Date | October 29, 2013 |
|----------|----------------------|------|------------------|
| Title | Aspen Specialty Insurance Co. v. U-Line Corp., et al. | | |

<u>Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Because Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal does not allege affirmatively Plaintiff's actual citizenship. Defendant's allegations are thus insufficient to invoke this Court's diversity jurisdiction.

Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. SC121346. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.